

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5217 | **DATE** | December 13, 2011 |
| **CASE TITLE** | Stanley Boclair (A-60451) vs. Randle, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for leave to file an amended and supplemental complaint [8] is denied without prejudice. The Clerk is directed to send Plaintiff a copy of this order and an amended complaint form.

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

    Plaintiff, Stanley Boclair, an inmate at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On August 4, 2011, Plaintiff was allowed to proceed on his complaint against Defendant Hardy alleging he had been wrongfully denied protective custody and, as a result, he suffered an attack from another inmate on February 1, 2011. Plaintiff has now submitted a motion to file an "amended and supplemental" complaint. Plaintiff seeks to add fourteen defendants. Plaintiff attached a proposed amended and supplemental complaint to his motion.

    Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. However, the terms of the Rule do not mandate that leave to amend should be granted in every case. *See Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (*Park*). The decision to allow an amended pleading is within the Court's sound discretion. *See Brunt v. Service Employees Inter. Union*, 284 F.3d 715, 720 (7th Cir. 2002). In addition, pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

    Plaintiff's proposed amended complaint contains 35 new paragraphs of allegations. Many of the paragraphs are over a page in length. Plaintiff's narrative style renders any notice to the Defendants of the claims being made against them incomprehensible. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Plaintiff's "rambling" allegations do not give the Defendants fair notice of what claims Plaintiff is actually bringing in light of the extensive "background" facts and references to the original complaint and exhibits. As presented, the proposed amended and supplemental complaint fails to comply with Federal Rule of Civil Procedure 8.

    In addition, it appears that Plaintiff may be attempting to raise a claim (or claims) related to his disagreement with how many of grievances have been handled. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). A prisoner must plead that unjustified acts prevented him from pursuing a non-frivolous claim to succeed on an access-to-courts claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343,

## STATEMENT

349-53 (1996). Here, Plaintiff is proceeding on his claim, thus it appears that Plaintiff has no claims regarding the grievance procedure.

Based on the above, allowing Plaintiff to proceed with his proposed amended and supplemental complaint would be futile. Accordingly, his motion is denied without prejudice. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (leave to amend a complaint may be denied when the amendment would be futile).

*Wm. J. Hibbler*