**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **STANLEY BOCLAIR, A-60451** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 11 C 05217 |
| v. | ) | |
| | ) | |
| **MARCUS HARDY, et al.,** | ) | Judge John J. Tharp, Jr. |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This opinion addresses a procedure that the Illinois Attorney General has employed in several cases before this Court (and presumably others) in representing defendants named in suits brought by prisoners asserting claims under 42 U.S.C. § 1983. By order entered on January 9, 2013, the Court directed all defendants to respond to the plaintiff's amended complaint by today, February 1, 2013. Rather than comply with this order, the defendants have moved for leave to waive their answer pursuant to the Prison Reform Litigation Act ("PLRA"), 42 U.S.C. § 1997e(g)(1) and to file *instanter* a written "waiver of answer" that includes a general denial of the allegations of the complaint and asserts a variety of affirmative defenses. The Court concludes that a motion for leave to waive an answer is unnecessary, that the assertion of affirmative defenses in a document that purports to be a "waiver" of the obligation to answer a complaint is not permitted by statute or rule, and that the defendants' motion fails to comply with the Court's order of January 9. The defendants are directed to file a responsive pleading to the complaint that comports with the requirements of the Federal Rules of Civil Procedure by February 8; failing that, no response will be permitted and they will be deemed to have admitted the allegations of the amended complaint.

*Analysis*

In support of their motion, the defendants rely on the language of § 1997e(g)(1), which provides that:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

This provision, however, is part of a "series of controls [that Congress placed] on prisoner suits [in the PLRA]…designed to prevent sportive filings in federal court." *Skinner v. Switzer,* -- U.S. --, --, 131 S.Ct. 1289, 1299 (2011) (citations omitted); *see also Crawford–El v. Britton,* 523 U.S. 574, 596–597 (1998) (PLRA aims to "discourage prisoners from filing claims that are unlikely to succeed," and statistics suggest that the Act is "having its intended effect"). In furtherance of that goal, the Supreme Court has explained that "[a]mong other reforms, the PLRA mandates early judicial screening of prisoner complaints." *Jones v. Bock,* 549 U.S. 199, 202 (2007) (citing 28 U.S.C. § 1915A). Pursuant to § 1915A, "[c]ourts are to screen inmate complaints 'before docketing, if feasible, or,…as soon as practicable after docketing,' and dismiss the complaint if it is 'frivolous, malicious,…fails to state a claim upon which relief may be granted[,] or…seeks monetary relief from a defendant who is immune from such relief.'" *Id.* at 213 (citing 28 U.S.C. §§ 1915A(a), (b)). "All this may take place before any responsive pleading is filed—unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA *until required to do so by the court*, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Id.* at 213-14 (emphasis added) (citing 42 U.S.C. §§ 1997e(g)(1), (2)).

That is to say, while the Court is screening a prisoner's complaint pursuant to § 1915A, the defendants may waive their answer until they are ordered to reply by the Court. This is consistent with the PLRA reforms enacted by Congress "designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Id.* at 204; *see also Porter v. Nussle,* 534 U.S. 516, 524 (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits"). In effect, the PLRA allows defendants to conserve resources by waiving their right to reply to potentially frivolous or meritless claims, while replying only to those claims which the Court has determined present a reasonable opportunity of prevailing on the merits. The statute, moreover, imposes no requirement that the defendants request leave to waive their answer; rather, it removes any obligation upon them to file an answer unless and until ordered to do so by the Court.

Once ordered by the Court to respond, however, the defendants are required to do so; and nothing in the PLRA suggests that the court-ordered response may deviate from the Federal Rules of Civil Procedure. As the Supreme Court has explained, "Section 1997e(g)—which allows defendants to waive their right to reply to a prisoner complaint without being deemed to have admitted the complaint's allegations—shows that when Congress meant to depart from the usual procedural requirements, it did so expressly." *Jones,* 549 U.S. at 216 (holding that because "the PLRA does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by…amending the Federal Rules, and not by judicial interpretation,'" citation omitted). As the defendants acknowledge in their motion, Section 1997e(g)(2) states that the "court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." But nothing in § 1997e(g)(2) (or in the PLRA generally) expressly provides, or even suggests, that a defendant may reply with a pleading that

3

fails to comport with Federal Rule of Civil Procedure 8(b); nor, for that matter, is there case law supporting that proposition.

In short, the PLRA does not invite the defendants to file a "waiver of answer" after being ordered by the Court to respond to a prisoner's complaint. Moreover, because the PLRA provides that "[n]o relief shall be granted to the plaintiff unless a reply has been filed," 42 U.S.C. § 1997e(g)(1), the defendants' reply is not only a procedural requirement mandated by the Federal Rules, but it is also critical to the plaintiff's claim. By the PLRA's express language, the Court cannot grant relief to a plaintiff—even one who sufficiently pleads and proves an entitlement to relief—until the defendants have answered, which is why the Court may order a reply "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2). A continued "waiver" on the part of the defendants not only falls outside the scope of the statute's language, but cuts against the statute's goal of reducing "sportive" or frivolous prisoner claims and facilitating the adjudication of potentially meritorious claims.

The defendants note that the plaintiff's "complaint consists of one hundred twenty paragraphs, plus sub-paragraphs in twenty-seven pages, against twelve defendants." Def. Mot. at ¶ 4. While this is an accurate description of the plaintiff's complaint, it is not a basis for reading a provision into a federal statute that permits a deviation from the Federal Rules, where no such provision exists. Again, § 1997e(g)(2) states the Court may order a reply when it finds the prisoner's claim "has a reasonable opportunity to prevail," but is silent as to any other issue concerning the plaintiff's pleadings, including the page length of the complaint or the number of defendants named in the suit. That said, nothing (other than the requirements of Rule 11) prevents the defendants from generally denying the plaintiff's allegations pursuant to Rule 8(b)(3), which provides that "[a] party that intends in good faith to deny all the allegations of a

4

pleading…may do so by a general denial." Fed. R. Civ. P. 8(b)(3). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id*. What the defendants may not do, however, is respond by continuing to waive their answer "pursuant to the PLRA" while simultaneously purporting to plead affirmative defenses. Neither the PLRA nor the Federal Rules provide for the pleading that the defendants' motion seeks leave to file.

Accordingly, the defendants' motion for leave to waive their answer pursuant to the PLRA is denied, and the defendants are ordered to respond to the plaintiff's complaint by February 8, 2013.

Entered: February 01, 2013          _____
                                    John J. Tharp, Jr.
                                    United States District Judge